The Honorable Tiffany M. Cartwright

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL JENKINS, individually and on behalf of others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>STEELSCAPE WASHINGTON LLC, a Washington limited liability company,<br><br>        Defendant. | No.  3:24-cv-05127-TMC<br><br>PLAINTIFF'S UNOPPOSED MOTION TO CERTIFY A SETTLEMENT CLASS AND PRELIMINARY APPROVE CLASS-WIDE SETTLEMENT<br><br>NOTE ON MOTION CALENDAR: APRIL 10, 2025 |

## I.    INTRODUCTION

Pursuant to Federal Rule of Civil Procedure ("FRCP") 23(e), Plaintiff Michael Jenkins, individually and as representative of the proposed settlement class, requests an order that (1) conditionally certifies a settlement class; (2) preliminarily approves a class-wide settlement of Plaintiff's claims against Defendant Steelscape Washington LLC, (3) approves the Notice to be sent to the Settlement Class Members, and (4) schedules a final fairness hearing at least 75 days from the date of any preliminary approval (but no sooner than 100 days from the filing of this motion). This relief should be granted because the settlement provides fair, reasonable, and adequate relief to the proposed settlement class.

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA  98101
Phone (206) 622-8000 • Fax (206) 682-2305

This pleading and the accompanying declaration also serve as Plaintiff's request for an award of attorneys' fees and costs pursuant to FRCP 23(h). Plaintiff so moves in order to allow notice to and review by members of the proposed settlement class, but respectfully submits that the Court defer final ruling on such petition until the final fairness hearing.

Defendant Steelscape has reviewed this motion and all accompanying papers and does not oppose this motion. Boes Decl. ¶ 1.

## II.    STATEMENT OF FACTS

### A.    Procedural and Factual Background

Plaintiff Michael Jenkins filed this class action suit in Cowlitz County (Washington) Superior Court on January 11, 2024, alleging that Steelscape violated the Washington Minimum Wage Act, Wash. Rev. Code ("RCW") ch. 49.46 ("MWA"), the Washington Industrial Welfare Act, RCW 49.12 ("IWA"), and the Wage Rebate Act, RCW 49.52 ("WRA") by failing to pay its employees for all hours worked and provide legally compliant meal breaks. Steelscape timely removed to this Court. Dkt. #1.

The parties exchanged initial disclosures and cooperated in discovery before agreeing to focus their efforts on gathering documentation that would facilitate discussions about a class-wide resolution. Boes Decl. ¶ 5. Plaintiff engaged a data analysis and economics expert, Ben Larson, Ph.D., to navigate the large swaths of timekeeping data provided by the company and generate a model for calculating the total damages of the putative class. Boes Decl. ¶ 6.

In October, 2024, the parties participated in a full-day mediation with Cliff Freed, an experienced wage and hour litigator and mediator at WAMS. Boes Decl. ¶ 7. Throughout the negotiation, the parties disputed the adequacy of the meal breaks offered by Steelscape, the validity (and existence) of meal break waivers, the amount of hours (if any) undercounted by

PL.'S UNOPPOSED MOT. TO CERTIFY A
SETTLEMENT CLASS AND PRELIM. APPROVE
CLASS-WIDE SETTLEMENT - 2
(Case No. 3:24-cv-05127-TMC)

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA  98101
Phone (206) 622-8000 • Fax (206) 682-2305

Steelscape's old timekeeping system (before the company upgraded to a more accurate system in the fall of 2023), and the willfulness of any wage withholding done by the company. *Id.* The parties could not agree on a resolution at mediation and returned to litigating. *Id.* For example, following the failed mediation, Plaintiff's counsel sought to amend the Complaint to include additional allegations related to Defendant's practice of rounding workers' time, noted and prepared for the deposition of a key supervisor, met and conferred with Steelscape's counsel regarding class-wide discovery, and negotiated the terms of an inspection of Steelscape's Kalama plant. *Id.*

In December 2024, prior to depositions and before any discovery-related motions practice, the parties resumed negotiations with the assistance of Mr. Freed. *Id.* ¶ 8. On December 26, after significant back and forth (including before, during, and after the holidays) the parties agreed in principle on the monetary terms of a class-wide resolution. *Id.* In the months that followed, the parties worked in good faith toward a final agreement that was formalized in the attached Settlement Agreement. *Id.*; Ex. 1.[1]

Jenkins and his counsel determined that the proposed settlement is fair, reasonable, adequate, in the best interests of the putative settlement class. Boes Decl. ¶ 9. They also agree that it is desirable that the litigation be settled in the manner and on the terms set forth in the parties' agreement. *Id.* The settlement will permit the class members to receive additional compensation without the time, risk, and expense of further litigation, and permits Steelscape to avoid the risk, expense, and inconvenience of further legal proceedings.

---

[1] Exhibits are attached to the supporting Declaration of Andrew D. Boes.

PL.'S UNOPPOSED MOT. TO CERTIFY A
SETTLEMENT CLASS AND PRELIM. APPROVE
CLASS-WIDE SETTLEMENT - 3
(Case No. 3:24-cv-05127-TMC)

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA  98101
Phone (206) 622-8000 • Fax (206) 682-2305

**B.      The Proposed Settlement Agreement**

The key terms of the settlement are as follows:

1.       <u>The Proposed Settlement Class</u>: The settlement class includes Plaintiff and all other current and former non-exempt, hourly employees of Defendant who worked at the Kalama facility in Washington at any time during the Class Period (from January 16, 2021 to March 7, 2025) and for whom damages are calculated as owing by Plaintiff's expert, except any person who timely opts out of the Settlement Class. Ex. 1 ¶ 1(b).

2.       <u>Settlement Class Certification</u>: As part of the settlement, the parties agree to conditional certification of a Settlement Class pending the Court's approval of the settlement. Ex. 1 ¶ 2. The proposed Settlement Class comprises approximately 198 employees. Boes Decl. ¶ 10.

3.       <u>Gross Settlement Amount ($6,150,000)</u>: Steelscape agrees to a Gross Settlement Amount of $6,150,000 to cover the class-wide claims for backpay, prejudgment interest, and penalties relating to the alleged unpaid hours and meal break violations; any Court-approved reasonable attorneys' fees and costs; any Court-approved class representative award; and settlement administration costs. Ex. 1 ¶ 6. Steelscape also agrees to pay the employer's share of payroll taxes on the back wage portions of each individual settlement award. *Id.*

4.       <u>Allocation of Net Settlement Amount</u>: The Net Settlement Amount, after deducting Court-awarded fees and costs, will be allocated among Settlement Class Members based on their pro rata share of the Net Settlement Amount and allocated (33%) wages, subject to payroll taxes and withholdings, (33%) exemplary damages and penalties, and (34%) interest. Ex. 1 ¶ 10(b). Settlement Class Members will not need to submit claims or any documentation

PL.'S UNOPPOSED MOT. TO CERTIFY A
SETTLEMENT CLASS AND PRELIM. APPROVE
CLASS-WIDE SETTLEMENT - 4
(Case No. 3:24-cv-05127-TMC)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

to receive their individual settlement awards. *Id.* ¶ 10(c). Settlement Class Members will have 100 days after distribution to cash their settlement checks, and any individuals who have not cashed their checks within 30 days of distribution will be sent a reminder postcard. *Id.* ¶ 10(h).

5.      <u>Attorneys' Fees and Costs</u>: Subject to Court approval, the proposed settlement class counsel ("Class Counsel") seeks an attorneys' award of 20% of the Gross Settlement Amount, plus actual litigation costs, anticipated to be approximately $20,000 by the time of final approval.[2] Boes Decl. ¶ 26; Ex. 1 ¶ 6.

6.      <u>Incentive Fees</u>: Subject to Court approval, Class Counsel recommends an additional award of $10,000 from the Gross Settlement Amount in recognition of Mr. Jenkins' service to the class, his time and efforts spent on this litigation, and in exchange for his grant of a general release to Steelscape. Boes Decl. ¶ 28; Ex. 1 ¶¶ 3, 9 (discussing general release by Plaintiff and enhancement award).

7.      <u>Third-Party Administration</u>: Subject to Court approval, Atticus Administration, LLC ("Atticus"), an experienced third party administrator, will establish a qualified settlement fund, distribute class notice, settlement checks, and tax documents, and otherwise handle administration of the settlement. Ex. 1 ¶ 1(p); Ex. 2. Atticus's estimated fees and costs, estimated at $8,500, would be paid from the Gross Settlement Amount. Ex. 1 ¶ 1(i).

8.      <u>Class Member Notice, Objections, and Opt-Outs</u>: A copy of the parties' proposed Notice to Settlement Class Members is attached as Exhibit 2. The Settlement Administrator would mail the notice to the last known valid addresses of all Settlement Class

---

[2] As of the date of this filing, Plaintiff has incurred approximately $11,000 in costs. Boes Decl. ¶ 26. Plaintiff will incur additional costs to calculate individualized settlement awards for the settlement class members, and therefore estimates a total cost of no greater than $20,000 to account for the additional expenses associated with the expert calculation. *Id.*

PL.'S UNOPPOSED MOT. TO CERTIFY A
SETTLEMENT CLASS AND PRELIM. APPROVE
CLASS-WIDE SETTLEMENT - 5
(Case No. 3:24-cv-05127-TMC)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

Members within 25 days of the date of this Court's Order certifying the settlement class and granting preliminary approval of the settlement. Ex. 1 ¶ 11(b). Returned notices will be re-mailed to forwarding addresses obtained using reasonable search efforts, which will be shared with Class Counsel. *Id.* Settlement Class Members will have 60 days from the Preliminary Order to request exclusion from the Settlement Class or object to the settlement terms. *Id.* ¶ 11(c).

9.      <u>Residual Funds</u>: Subject to Court approval, any residual funds remaining as a result of uncashed or undeliverable settlement checks will be distributed to The Legal Foundation of Washington. Ex. 1 ¶ 11(h).

10.      <u>Release of Claims</u>: Under the parties' proposed Settlement Agreement, all Settlement Class Members will be held to have released:

> … any and all wage claims, rights, demand, charges, complaints, causes of action, damages, obligations, disputes, or liabilities of any kind or nature for or relating to unpaid wages, recorded, unrecorded, off-the clock, additional, undercompensated, or uncompensated work time, rounding policies or practices, alleged meal period violations, any claims related to breaks, any related overtime claims, or claims for double damages, that were asserted in the Action or could have been but were not asserted in the Action, whether known or unknown, arising out of work performed by the Settlement Class for Defendant prior to the execution of this Agreement. This expressly includes but is not limited to any statutory (including under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, and RCW Chapters 41.56, 49.12, 49.46, 49.48, 49.52, and/or WAC 296-126-092), contractual or common law claim for compensation, wages, unpaid amounts, double damages, interest, penalties, costs, expenses, and/or attorneys' fees for or related to such matters

Ex. 1 ¶ 4. The release covers the Class Period of January 16, 2021, to March 7, 2025. *Id.* ¶ 1(b). In addition, Plaintiff agreed to a general release of all lawfully releasable claims that he may have had against Steelscape at the time of execution of the Settlement Agreement. *Id.* ¶ 3.

PL.'S UNOPPOSED MOT. TO CERTIFY A
SETTLEMENT CLASS AND PRELIM. APPROVE
CLASS-WIDE SETTLEMENT - 6
(Case No. 3:24-cv-05127-TMC)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

11.    <u>Final Approval.</u> Subject to Court approval, Plaintiff will file pleadings in support of final approval at the close of any objection period, after having provided an opportunity for Defendants' counsel to review. Ex. 1 ¶ 11(g). At the final fairness hearing, the Court will be asked to enter a final order approving the settlement.

### III.    DISCUSSION

### A.    The Proposed Settlement Class Satisfies FRCP 23.

Like other classes, settlement classes may be certified only if they meet the criteria of FRCP 23(a) and one or more of the subsections of Rule 23(b). *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617 (1997). A court must engage in a "rigorous analysis" to determine whether the requirements of FRCP 23 are satisfied. *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 161 (1982). However, the evidentiary showing need not be extensive. *Blackie v. Barrack*, 524 F. 2d 891, 901 (9th Cir. 1975).

Here, the requirements of numerosity, commonality, typicality, and adequacy are met, as are the issues of predominance and superiority.

### 1.    Numerosity

Rule 23(a)(1) requires a class to be so numerous that joinder is "impracticable." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). The numerosity requirement demands examination of the specific facts of the case and there are no "absolute limitations." *Gen. Tel. co. of the Nw. v. Equal Employment Opportunity Comm'n*, 446 U.S. 318, 330 (1980). Still, federal courts generally assume joinder is impractical when the class numbers 40 or more. *Dunakin v. Quigley*, 99 F. Supp. 3d 1297, 1327 (W.D. Wash. 2015).

Here, the settlement class comprises approximately 198 employees, Boes Decl. ¶ 10, making joinder impractical, and easily satisfying the numerosity requirement.

PL.'S UNOPPOSED MOT. TO CERTIFY A
SETTLEMENT CLASS AND PRELIM. APPROVE
CLASS-WIDE SETTLEMENT - 7
(Case No. 3:24-cv-05127-TMC)

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA  98101
Phone (206) 622-8000 • Fax (206) 682-2305

### 2.    Commonality and Predominance

Rule 23(a)(2) requires that the claims of the proposed class "depend upon a common contention … of such a nature that it is capable of classwide resolution." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). The analysis of predominance under Rule 23(b)(3) is similar to the inquiry on commonality, but focuses on whether the proposed class is "sufficiently cohesive to warrant adjudication by representation." *Amchem Products*, 521 U.S. at 623.

Plaintiff alleges a number of common questions of law and fact that bind the proposed settlement class, including: whether Steelscape's practice of paying employees based on their scheduled shift times violates the MWA; whether Steelscape kept accurate time-records as required by Wash. Admin. Code ("WAC") 296-128-010; whether employees engaged in unpaid pre- and post-shift work; whether Steelscape rounded employees' hours worked in an unlawful manner; whether Steelscape's practices resulted in underpayment of wages; whether Steelscape failed to provide thirty-minute meal periods to employees on shifts lasting more than five hours; whether Steelscape failed to provide a second meal period to employees on shifts lasting more than ten hours; whether Steelscape's policies and staffing practices with respect to meal periods violated WAC 296-126-092; whether employees knowingly and voluntarily waived rights to meal breaks; and whether Steelscape acted willfully and with an intent to deprive employees of their pay and meal breaks. Dkt. #15 ¶¶ 4.1–4.9.

Although Steelscape contests the existence and effects of its policies and practices with respect to timekeeping and meal breaks, the company agrees that certification of the proposed settlement class is appropriate pending the Court's approval of the Settlement Agreement. Ex. 1 ¶ 2.

PL.'S UNOPPOSED MOT. TO CERTIFY A
SETTLEMENT CLASS AND PRELIM. APPROVE
CLASS-WIDE SETTLEMENT - 8
(Case No. 3:24-cv-05127-TMC)

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA  98101
Phone (206) 622-8000 • Fax (206) 682-2305

### 3.     Typicality

Plaintiff's claims are typical of those of other current and former non-exempt, hourly employees of Steelscape. "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiff[], and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted).

Here, Jenkins was subject to the same timekeeping practices and meal break policies as other hourly workers at Steelscape. Dkt. #13 ¶ ¶¶ 3.4–9.8, 3.13–16. In the fall of 2023, the timekeeping practices changed for Jenkins, as they did for other proposed class members. *Id.* ¶ 3.7. And, like other employees at the Steelscape plant in Kalama, Jenkins executed meal break waivers which the company maintains are valid. Dkt. #16 ¶ 9. Jenkins' alleged injuries are typical of those endured by the other hourly workers for Steelscape, and therefore the typicality requirement is satisfied.

### 4.     Adequacy of Representation

Whether a plaintiff satisfies the adequacy requirement of Rule 23(a)(4) depends on "the qualifications of counsel for the representatives, an absence of antagonism, a sharing of interests between representatives and absentees, and the unlikelihood that the suit is collusive." *Rodriguez v. Hayes*, 591 F.3d 1105, 1125 (9th Cir. 2010). Here, there is no adversity of interest between Plaintiff and the proposed class, and there is no indicia of collusion. Moreover, the reasonableness of the proposed settlement obtained by Plaintiff and described below further demonstrates his adequacy as a representative of the proposed settlement class.

PL.'S UNOPPOSED MOT. TO CERTIFY A
SETTLEMENT CLASS AND PRELIM. APPROVE
CLASS-WIDE SETTLEMENT - 9
(Case No. 3:24-cv-05127-TMC)

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

### 5.    Superiority

Rule 23(b)(3) also requires that a class action be superior to other available methods for adjudication. Concerns over manageability simply are not present where the proposal is "that there be no trial." *See Amchem*, 521 U.S. at 620; *see also Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 660 (7th Cir. 2004) ("The class might be unmanageable if the case were actually tried yet manageable as a settlement class because the settlement might eliminate all the thorny issues that the court would have to resolve if the parties fought out the case.").

Here, the proposed settlement class is a superior method to address Steelscape's alleged violations of Washington wage and hour laws. The relatively modest size of the individual damage claims relative to the resources of any corporate defendant makes it unlikely that individual class members would come forward and seek redress. *See Troy v. Kehe Food Distributors, Inc.*, 276 F.R.D. 642, 657 (W.D. Wash. 2011). In addition, the cost and risk of litigation and individual concerns regarding retaliation could deter individual litigants from seeking redress. At this time, there is no evidence that any class members have instituted any other lawsuits on the issues raised in this case, despite the recent history of a similar lawsuit against the same company in California. Boes Decl. ¶ 13. Thus, the Settlement Class continues to meet the criteria of Rule 23(b)(3).

### 6.    The Proposed Class Counsel Satisfies Rule 23(g).

To appoint class counsel, the Court must consider "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." FRCP 23(g)(1)(A). The court may also consider other matters

PL.'S UNOPPOSED MOT. TO CERTIFY A
SETTLEMENT CLASS AND PRELIM. APPROVE
CLASS-WIDE SETTLEMENT - 10
(Case No. 3:24-cv-05127-TMC)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

"pertinent to counsel's ability to fairly and adequately represent the interests of the class." FRCP 23(g)(1)(B).

Here, Plaintiff's counsel has a well-established track record of representing classes of workers in wage and hour matters, and has thoroughly investigated the proposed class's claims against Steelscape. The undersigned counsel has and will adequately represent the interests of the class.

**B.    The Proposed Settlement Is Fair, Adequate, and Reasonable.**

"As a matter of express public policy, federal courts strongly favor and encourage settlements, particularly in class actions and other complex matters." *Arthur v. Sallie Mae, Inc.*, C10-0198JLR, 2012 WL 90101, *6 (W.D. Wash. Jan. 10, 2012) (citing *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (noting the "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned")). Even so, the Court must satisfy itself that the proposed settlement is fair, adequate, and reasonable to the class. *Id.*; *see also* FRCP 23(e). In conducting such analysis, courts in this circuit consider the following factors:

> [T]he strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (citing *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993)). Plaintiff addresses the relevant factors in turn, cognizant that the Court must revisit the issue after Settlement Class Members have an opportunity to weigh in.

PL.'S UNOPPOSED MOT. TO CERTIFY A
SETTLEMENT CLASS AND PRELIM. APPROVE
CLASS-WIDE SETTLEMENT - 11
(Case No. 3:24-cv-05127-TMC)

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA  98101
Phone (206) 622-8000 • Fax (206) 682-2305

1

### 1.    The Strength of Plaintiff's Case

Plaintiff maintains that significant evidence supports his claim that there was a pattern and practice of undercounting hours worked and of missed meal breaks among Settlement Class Members as a result of Steelscape's timekeeping policies, staffing practices, and performance expectations with respect to continuous production. However, Plaintiff acknowledges the risk inherent in any litigation. Boes Decl. ¶ 14. In this case, specific risks addressed during mediation and anticipated by Plaintiff's counsel include:

- The contention that individual Class Members engaged in different types and amounts of pre- and post-shift work, potentially undermining class certification;

- The contention that, in practice, Class Members were able to rest and eat during their workday, precluding class-wide proof and certification;

- The contention that some Class Members voluntarily waived their meal breaks and that waiver presents individualized questions that would preclude certification; and

- The contention that individual variations in experiences with missed meal breaks across positions and time periods preclude class-wide proof of the claim and therefore certification.

Boes Decl. ¶ 15. Plaintiff disputes these contentions, but acknowledges the risk that recovery for the Settlement Class would be greatly reduced or eliminated altogether if Defendants were to prevail on any of these arguments. *Id*.

### 2.    The Risk, Expense, and Duration of Further Litigation

For the reasons described above, Plaintiff's claims (and a disputed certification of the class) are not without risk. Nor would further litigation be without costs: the parties would need to engage in significant deposition discovery, ESI-related discovery, additional expert analysis, witness interviews, a site inspection, significant motions practice (discovery, liability,

PL.'S UNOPPOSED MOT. TO CERTIFY A
SETTLEMENT CLASS AND PRELIM. APPROVE
CLASS-WIDE SETTLEMENT - 12
(Case No. 3:24-cv-05127-TMC)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA 98101
Phone (206) 622-8000 ● Fax (206) 682-2305

class certification), and trial. Boes Decl. ¶ 17. Together, these measures would significantly increase the costs of litigation for both parties without guaranteeing any greater recovery for the proposed settlement class. *Id.*

In the absence of settlement, ongoing litigation and appeal is a near certainty. This presents risk and uncertainty for both parties. The class faces the risk of recovering nothing at all, and Steelscape faces the risk of increased exposure if the class were to prevail, all while pre-judgment interest continues to accrue on the putative class's damages. Boes Decl. ¶ 18. Such "all or nothing" prospects weigh in favor of approval. *See In re Toys R Us-Delaware, Inc.*, 295 F.R.D. 438, 452 (C.D. Cal. 2014) (collecting authorities); *see also Klein v. O'Neal, Inc.*, 705 F. Supp. 2d 632, 651 (N.D. Tex. 2010) ("When the prospect of ongoing litigation threatens to impose high costs of time and money on the parties, the reasonableness of approving a mutually-agreeable settlement is strengthened.").

### 3.    Amount Offered In Settlement.

The Gross Settlement Amount of $6,150,000 represents a significant recovery of the damages claimed in this case and meaningful individual awards to Class Members who participate. Before any reduction for Court-approved fees and costs, the fund is more than 100% of the back wages that Plaintiff's expert calculates as owing. Boes Decl. ¶ 11. In addition, each participating Class Member's award will be divided one-third to back wages (reported on a Form W-2), and two-thirds to interest and exemplary damages (reported on a Form 1099), the latter of which is not subject to payroll deductions, thereby optimizing the net recovery for individual workers. *Id.*

The Gross Settlement Amount also represents a reasonable compromise between the parties, given the multiple litigation risks present in the case and the benefits to Class Members

PL.'S UNOPPOSED MOT. TO CERTIFY A
SETTLEMENT CLASS AND PRELIM. APPROVE
CLASS-WIDE SETTLEMENT - 13
(Case No. 3:24-cv-05127-TMC)

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

of early resolution. In addition to the liability risks outlined above, Steelscape disputed the extent of damages calculated by Plaintiff's expert, claiming that any unpaid time was "de minimis," and that its workers received or waived all of their meal periods. Boes Decl. ¶ 16.

The allocation plan for the individual settlement awards is likewise fair and reasonable. Each individual Class Member who chooses to participate will receive a pro rata share of the net recovery, based on their individual time and pay records, taking into account such factors as whether they executed a meal break waiver or worked in a position where breaks arguably were more susceptible to interruption. Boes Decl. ¶ 12. The average recovery per Settlement Class Member, after reduction of any Court-approved fees and costs, is approximately $24,650, although the specific recoveries will, of course, depend on each individual's wage rate, tenure, and number of qualifying shifts worked during the relevant period. *Id.*

Finally, Settlement Class Members are not required to submit a claim or any other paperwork to receive their settlement awards. The simplicity of this distribution process also favors approval of the settlement.

### 4.    The Extent of Discovery

Over the course of the litigation, the parties have exchanged significant discovery, including comprehensive production of timekeeping and payroll data maintained by Steelscape regarding the proposed settlement class members. Boes Decl. ¶ 5. In addition, Plaintiff's counsel has worked with an expert data scientist to synthesize and analyze the data to generate reasoned calculations about Plaintiff's allegations. *Id.* ¶ 6. Thus, both parties have gathered more than sufficient information to make informed decisions on settlement.

PL.'S UNOPPOSED MOT. TO CERTIFY A
SETTLEMENT CLASS AND PRELIM. APPROVE
CLASS-WIDE SETTLEMENT - 14
(Case No. 3:24-cv-05127-TMC)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

1

2        **5.      The Experience and Views of Counsel.**

3        Plaintiff's counsel is experienced in wage and hour class litigation, including numerous

4   cases alleging rest and meal break violations. *See* Boes Decl. ¶¶ 19–25. When experienced and

5   skilled class counsel support a settlement, their views are given great weight. *See Reed v. Gen.*

6   *Motors Corp.,* 703 F.2d 170, 175 (5th Cir. 1983).

7        **C.      The Attorneys' Fee and Cost Award Requested by Plaintiff's Counsel Is**
        **Reasonable and Should Be Preliminarily Approved.**

8        The parties' proposed Settlement Agreement contemplates an attorneys' fee award of

9   25% of the Gross Settlement Amount plus actual litigation costs. Ex. 1 ¶ 6. However, to

10  maximize the recovery for the workers, Plaintiff's counsel seeks just 20% of the Gross

11  Settlement Amount, or $1,230,000. Boes Decl. ¶ 26. Steelscape does not oppose this request.

12       **1.      The requested 20% fee is reasonable.**

13       Under Washington law, the percentage approach ordinarily applies to common fund

14  cases. *See Bowles v. Department of Retirement Systems*, 847 P.2d 440, 450–51 (Wash. 1993).

15  In assessing the reasonableness of the fee, this Court looks to Washington law: "Because

16  Washington law governed the claim, it also governs the award of fees." *Vizcaino v. Microsoft*

17  *Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002).

18       The typical percentage range of attorneys' fees in a common fund recovery is between

19  20% and 33%. *See Bowles*, 847 P.2d at 450 (citing 3 *Newberg on Class Actions* § 14.03 for the

20  proposition that 20 to 30 percent is the usual range for fee awards in a common fund action);

21  4 *Newberg on Class Actions* § 14:6 (4th ed. online) ("common fee awards fall in the 20 to 33

22  per cent range" and "empirical studies show that, regardless whether the percentage method or

23  the lodestar method is used, fee awards in class actions average around one third of the

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

recovery"). Both the Washington Supreme Court and the Ninth Circuit have recognized 25% as a "benchmark" figure for percentage-based common fund fee recoveries. *See Bowles,* 840 P.2d at 450; *Vizcaino*, 290 F.3d at 1047.

The fee requested here is less than the 25% benchmark. It is also significantly less than Plaintiff's counsel would typically recover by contingency fee in a complex case. *See* Boes Decl. ¶ 27; *see also* Goodrich, F. & Silber, R., *Common Fund and Common Fund Problems: Fee Objections and Class Counsel's Response*, 17 Rev. Litig. 525, 548–49 (Summer 1998) ("The percentage awarded should mimic the market. . . . In non-class litigation, one-third contingency fees are typical."). Class Counsel took this case on a contingency basis, with no guarantee of recovery and the obligation to advance out-of-pocket costs—which would have escalated significantly if the parties could not agree on settlement. Boes Decl. ¶ 27. The settlement here was reached only after extensive investigation and litigation against sophisticated and well-represented defendants. The recovery achieved for Settlement Class Members represents a significant portion of the alleged damages. While the settlement is substantial, it is not on the scale of a "megafund" recovery that would warrant departure from the standard percentage-based methodology or require further reduction of the percentage fee. *See In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). Thus, the requested percentage award is reasonable.

### 2.    Costs.

In addition to their time, Plaintiff's counsel has advanced costs of approximately $11,000 to date, again risking that none of it would be recovered. Boes Decl. ¶ 26. As discussed above, Plaintniff anticipates incurring approximately $9,000 in additional expert costs to calculate the individual awards of the settlement class members based on the terms of the

PL.'S UNOPPOSED MOT. TO CERTIFY A
SETTLEMENT CLASS AND PRELIM. APPROVE
CLASS-WIDE SETTLEMENT - 16
(Case No. 3:24-cv-05127-TMC)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

Settlement Agreement and additional data that Steelscape will provide. *Id.* These costs primarily were spent on mediation fees and expert analysis of Steelscape's data, and are eminently reasonable given volume and complexity of the data available in this case. *Id.*

Plaintiff respectfully submits that the above-described attorneys' fee and cost award be described in the Notice to the class and subject to final approval at the final fairness hearing.

**D.      Incentive Awards.**

Subject to Court approval, the named Plaintiff Michael Jenkins will receive an additional $10,000 as an incentive award for his time and effort in representing the Settlement Class. Such treatment of class representatives is warranted and is frequently requested and approved. *See Hughes v. Microsoft Corp.*, 2001 WL 34089697, *12 (W.D. Wash. March 26, 2001). The proposed incentive payment recognizes, among other things, the benefits obtained for the Settlement Class through his efforts and the time he devoted to the case, which included responding to Defendant's discovery, assisting counsel in gathering and evaluating information, and participating in the mediation and subsequent settlement negotiations. In addition, Mr. Jenkins is giving Steelscape a general release of claims significantly broader than the release provided by the other Class Members, further justifying a meaningful incentive award for him. Boes Decl. ¶ 28; Ex. 1 ¶ 3.

Absent such incentive awards, plaintiffs—especially current employees, like Jenkins— would be reluctant to subject themselves to the risks of litigation on behalf of a class, even where the benefits for the class and the public interest are significant. *See* Spoon, R. and Ellis, S., "The litigation stigma: lawsuits come back to haunt," *HR Focus*, February, Vol. 70 No. 2, p. 19 (1993) (discussing adverse consequences in the labor market for workers who sue former employers). The result would be less robust enforcement of wage and hour laws that

PL.'S UNOPPOSED MOT. TO CERTIFY A
SETTLEMENT CLASS AND PRELIM. APPROVE
CLASS-WIDE SETTLEMENT - 17
(Case No. 3:24-cv-05127-TMC)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA 98101
Phone (206) 622-8000 ● Fax (206) 682-2305

Washington courts describe as having the highest public policy aims. *See Drinkwitz v. Alliant Techsystems, Inc.*, 996 P.2d 582, 586-588 (Wash. 2000) (discussing Washington's "long and proud history" as a pioneer of employee rights).

As with the attorneys' fee award, the settlement is not contingent on Court approval of any particular incentive award amounts, and final approval of the awards will occur at the final fairness hearing. This request should be preliminarily approved at this time and described in the notice to the Settlement Class.

**E.**    **The Proposed Notice Satisfies Rule 23 And Due Process.**

**1.**    **Method of Giving Notice.**

Generally, notice must in substance be reasonably calculated, under all of the circumstances, to apprise Settlement Class Members of the certification of the settlement class, the terms of the settlement, and the opportunity to present objections. In the present case, notice will be sent by first-class mail to all Settlement Class Members identified by Steelscape using its payroll records. Ex. 3; Ex. 1 ¶ 11(b). Settlement Class Member addresses will be updated prior to mailing, and the Settlement Administrator and Class Counsel will undertake reasonable efforts to locate any Settlement Class Members whose notices are returned as undeliverable. *Id.* These steps are reasonably calculated to apprise Settlement Class Members of the proposed settlement and thus satisfy the requirements of Rule 23 and due process. *See Weinberger v. Kendrick*, 698 F.2d 61, 71 (2d Cir. 1982) (mailing notice to each member's last known address constitutes appropriate notice).

**2.**    **Contents of the Notice.**

To comply with Rule 23(c) and (e), the notice must describe: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; the proposed

PL.'S UNOPPOSED MOT. TO CERTIFY A
SETTLEMENT CLASS AND PRELIM. APPROVE
CLASS-WIDE SETTLEMENT - 18
(Case No. 3:24-cv-05127-TMC)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

settlement terms; the binding effect of the settlement on members; and the process for requesting exclusion, lodging objections, and being heard at the final fairness hearing. The attached notice addresses all of these items. *See* Ex. 3.

**F.    Settlement Administrator.**

The parties propose using Atticus as a third party settlement administrator to distribute notice, settlement checks, and tax documents. Atticus has agreed to cap its fees for settlement notice and administration to $8,500. Ex. 2.

**G.    Final Approval Hearing.**

Finally, Rule 23(e) contemplates a final approval hearing following notice and an opportunity for class members to object. The Settlement Agreement provides that the Settlement Administrator will mail the notice within 30 calendar days of the Order Granting Preliminary Approval of the settlement, and that Settlement Class Members will have 60 days from the Preliminary Order to request exclusion or file objections. A final fairness hearing scheduled at least 75 days from the Preliminary Approval Order (but no sooner than 100 days from the filing of the Preliminary Approval Motion) will allow adequate time to notify the Settlement Class; serve the appropriate state and federal officials with notice of the settlement under the Class Action Fairness Act, 28 U.S.C.A. § 1715(b), (d); receive objections; and prepare the motion for final approval. Plaintiff therefore respectfully requests that the Court set a final approval hearing 75 days after entry of the Order granting preliminary approval to the settlement (but no sooner than 100 days from the filing of the Preliminary Approval Motion) or as soon thereafter as the Court's calendar permits, and allow Plaintiff to file his motion for final approval promptly after the close of any objection period.

PL.'S UNOPPOSED MOT. TO CERTIFY A
SETTLEMENT CLASS AND PRELIM. APPROVE
CLASS-WIDE SETTLEMENT - 19
(Case No. 3:24-cv-05127-TMC)

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA  98101
Phone (206) 622-8000 • Fax (206) 682-2305

## IV.   CONCLUSION

Plaintiff respectfully requests that the Court enter the accompanying proposed order certifying the Settlement Class, preliminarily approving the Settlement Agreement, approving the proposed notice, and setting a date for a final fairness hearing.

DATED this 10th day of April, 2025.

SCHROETER GOLDMARK & BENDER

*s/Andrew D. Boes*
ANDREW D. BOES, WSBA #58508
LINDSAY L. HALM, WSBA #37141
ADAM J. BERGER, WSBA #20714
401 Union Street, Suite 3400
Seattle, WA  98101
Phone:  (206) 622-8000
Fax:  (206) 682-2305
halm@sgb-law.com
boes@sgb-law.com
berger@sgb-law.com

*Attorneys for Plaintiff*

"I certify that this memorandum contains 5,339 words, in compliance with the Local Civil Rules."

PL.'S UNOPPOSED MOT. TO CERTIFY A
SETTLEMENT CLASS AND PRELIM. APPROVE
CLASS-WIDE SETTLEMENT - 20
(Case No. 3:24-cv-05127-TMC)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

*Counsel For: Defendant*
K&L GATES LLP
Todd L. Nunn, WSBA # 23267
925 Fourth Avenue, Suite 2900
Seattle, WA  98104-1158
Tel: (206) 623-7580
todd.nunn@klgates.com


DATED:        April 10, 2025, at Seattle, Washington.

SCHROETER GOLDMARK & BENDER

*s/Daena Temkova*
Daena Temkova, Paralegal

PL.'S UNOPPOSED MOT. TO CERTIFY A
SETTLEMENT CLASS AND PRELIM. APPROVE
CLASS-WIDE SETTLEMENT - 21
(Case No. 3:24-cv-05127-TMC)

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA  98101
Phone (206) 622-8000 • Fax (206) 682-2305