UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL JENKINS,<br><br>  Plaintiff,<br><br>v.<br><br>STEELSCAPE WASHINGTON LLC,<br><br>  Defendant. | Case No. 3:24-cv-05127-TMC<br><br>ORDER GRANTING MOTION TO CERTIFY SETTLEMENT CLASS AND PRELIMINARY APPROVAL OF CLASSWIDE SETTLEMENT |

Before the Court is Plaintiff Michael Jenkins' unopposed motion for preliminary approval of a class action settlement. Dkt. 17. For the reasons explained below, the Court GRANTS the motion.

### I.   BACKGROUND

**A.   Litigation and Settlement Negotiations**

Jenkins filed this putative class action lawsuit against Defendant Steelscape Washington, alleging that Steelscape violated the Minimum Wage Act, chapter 49.46 RCW ("MWA"); the Industrial Welfare Act, chapter 49.12 RCW ("TWA"); and the Wage Rebate Act, chapter 49.52 RCW ("WRA"). Dkt. 1-2 ¶ 1.1. Jenkins alleges that through the relevant class period—January 16, 2021 through March 7, 2025—Steelscape paid class members "based on their scheduled shift length, typically 12 hours, rather than based on the number of hours they actually worked." *Id.*

ORDER GRANTING MOTION TO CERTIFY SETTLEMENT CLASS AND PRELIMINARY APPROVAL OF CLASSWIDE SETTLEMENT - 1

¶ 3.4; Dkt. 18-1 ¶ 1(b). This caused "chronic undercounting of hours worked." Dkt. 1-2 ¶ 3.5. Jenkins also alleges that class members were not paid for time spent on preliminary and concluding tasks and that they were not given proper lunch breaks. *Id.* ¶¶ 3.7, 3.12–3.17.

Over several months, the parties engaged in settlement negotiations. Dkt. 17 at 2–3. To inform mediation, the parties exchanged initial disclosures and cooperated in discovery. *Id.* at 2. Plaintiff engaged a data analysis and economics expert to assess the timekeeping data provided by the company and determine the amount of potential lost wages. *Id.* The parties participated in mediation with an experienced mediator and reached a settlement on December 26, 2024. *Id.* at 3. This is the settlement agreement now before the Court. *Id.*; Dkt. 18-1.

**B.    Proposed Settlement Terms**

The Settlement Agreement defines the Settlement Class as:

> Plaintiff and all other current and former non-exempt, hourly employees of Defendant who worked at the Kalama facility in Washington at any time during the Class Period (from January 16, 2021 to March 7, 2025) and for whom damages are calculated as owing by Plaintiff's expert, except any person who timely opts out of the Settlement Class.

Dkt. 17 at 4; Dkt. 18-1 ¶ 1(b). According to the parties, the proposed Settlement Class includes 198 individuals. Dkt. 17 at 4.

The Settlement Agreement provides that Steelscape will pay a gross amount of $6,150,000 to be used for payments to class members as well as costs of administration and permitted attorney's fees, costs, and service awards. Dkt. 17 at 4; Dkt. 18-1 ¶ 5. The value per class member is $24,650. Dkt. 18 ¶ 12.

Class representative Jenkins will seek a service payment of $10,000. Dkt. 18 at 9. Jenkins' counsel will move for an award of reasonable attorney's fees, as well as reimbursement

ORDER GRANTING MOTION TO CERTIFY SETTLEMENT CLASS AND PRELIMINARY APPROVAL OF CLASSWIDE SETTLEMENT - 2

of their reasonable costs and litigation expenses incurred, of up to 20 percent[1] of the Settlement Fund plus $20,000 in estimated litigation costs. Dkt. 17. The parties propose Atticus Administration, LLC as the Settlement Administrator and estimate that administration expenses will be $8,500. Dkt. 17 at 5.

## II.    LEGAL STANDARD

Upon a motion for preliminary approval of a proposed class settlement, the Court must determine whether the parties have shown the court will "likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B).

When settlement is proposed before a class is certified, the Court must find the class would have been certified under Federal Rule of Civil Procedure 23(a) and (b). When deciding whether to certify a class, courts look at four factors: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. Fed. R. Civ. P. 23(a)(1)–(4). Under Rule 23(b), the Court considers whether the type of action is one that may be maintained as a class. Fed. R. Civ. P. 23(b).

Courts also must find that the settlement terms are fair, adequate, and reasonable. To determine whether a settlement meets these standards, a district court must consider:

> (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and view of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement.

*In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 944 (9th Cir. 2015).

---

[1] The Settlement Agreement states that counsel will take an award of up to 25%, but in briefing, counsel has agreed to 20%. Dkt. 18-1 ¶ 6; Dkt. 17 at 5.

ORDER GRANTING MOTION TO CERTIFY SETTLEMENT CLASS AND PRELIMINARY APPROVAL OF CLASSWIDE SETTLEMENT - 3

Similarly, Rule 23(e) directs the Court to consider whether (A) the class representatives and their counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief including the method of processing class-member claims, if required; (iii) the terms of any proposed award of attorney's fees, including timing of payment; (iv) any agreement required to be identified under Rule 23(e)(3) made in connection with the proposed settlement; and (v) if the proposal treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2).

Because the Court can only conduct a full assessment of these factors after the final fairness hearing, "a full fairness analysis is unnecessary" at the preliminary approval stage. *Uschold v. NSMG Shared Services, LLC*, 333 F.R.D. 157, 169 (N.D. Cal. 2019). Instead, preliminary approval is appropriate if "the proposed settlement appears to be the product of serious, informed, noncollusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (internal quotation marks and citation omitted).

### III.    DISCUSSSION

**A.    The Settlement Class meets the requirements for preliminary certification.**

*1.    Rule 23(a)(1): Numerosity*

A court may certify a class only if "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "[W]here the number of class members exceeds forty, and particularly where class members number in excess of one hundred, the numerosity requirement will generally be found to be met." *Does 1-10 v. Univ. of Wash.*, 326 F.R.D. 669,

679 (W.D. Wash. 2018) (citing cases). The proposed Settlement Class has 198 members, which satisfies this requirement. Dkt. 17 at 4, 7; Dkt. 18 ¶ 10.

    2.    *Rule 23(a)(2): Commonality*

Rule 23(a) also requires there be "questions of law or fact common to the class," known as the "commonality" requirement. Commonality requires that class members' claims "depend upon a common contention" such that "determination of its truth or falsity will resolve an issue that is central to the validity of each [claim] in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Here, class members share several common contentions:

> [W]hether Steelscape's practice of paying employees based on their scheduled shift times violates the MWA; whether Steelscape kept accurate time-records as required by Wash. Admin. Code ("WAC") 296-128-010; whether employees engaged in unpaid pre- and post-shift work; whether Steelscape rounded employees' hours worked in an unlawful manner; whether Steelscape's practices resulted in underpayment of wages; whether Steelscape failed to provide thirty-minute meal periods to employees on shifts lasting more than five hours; whether Steelscape failed to provide a second meal period to employees on shifts lasting more than ten hours; whether Steelscape's policies and staffing practices with respect to meal periods violated WAC 296-126-092; whether employees knowingly and voluntarily waived rights to meal breaks; and whether Steelscape acted willfully and with an intent to deprive employees of their pay and meal breaks.

Dkt. 17 at 8 (citation omitted). This satisfies the commonality requirement.

    3.    *Rule 23(a)(3): Typicality*

The typicality requirement is satisfied if "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Jenkins' claims are typical of class members' claims because they arise from the same course of alleged conduct by Steelscape. Jenkins was "subject to the same timekeeping practices and meal break policies as other hourly workers." Dkt. 17 at 9.

### 4. Rule 23(a)(4): Adequacy

Rule 23(a) also requires the Court to find that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). To determine adequacy, courts consider (1) whether "the named plaintiffs and their counsel have any conflicts of interest with other class members," and (2) whether the named plaintiffs and their counsel will "prosecute the action vigorously on behalf of the class." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011). At this preliminary stage, there is no evidence that Jenkins or his counsel have conflicts of interest with other class members, or that they have failed to prosecute the action vigorously on behalf of the class. *See* Dkt. 17 at 9.

### 5. Type of action under Rule 23(b)

Finally, in addition to the requirements of Rule 23(a), the Court must determine whether this is the type of action that may be maintained as a class under Rule 23(b). Jenkins seeks settlement class certification under Rule 23(b)(3), which provides that a class may be maintained if "questions of law or fact common to class members predominate over any questions affecting only individual members," and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The Court agrees that class certification is appropriate because common questions (such as whether Steelscape's policies and practices violated Washington law) predominate, and a class action is superior to other methods of adjudication for thousands of relatively small-value claims. *See Local Joint Exec. Bd. Of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1163 (9th Cir. 2001) (class actions are superior for cases involving "multiple claims for relatively small individual sums"); Dkt. 17 at 8.

Rule 23(b)(3) also requires that a class action be superior to other available methods for adjudication. Class members' claims are relatively modest in size, making it unlikely that they

ORDER GRANTING MOTION TO CERTIFY SETTLEMENT CLASS AND PRELIMINARY APPROVAL OF CLASSWIDE SETTLEMENT - 6

would individually seek redress. Dkt. 17 at 10; *Troy v. Kehe Food Distributors, Inc.*, 276 F.R.D. 642, 657 (W.D. Wash. 2011) (similar).

**B.      The Settlement Agreement meets the requirements for preliminary approval.**

"At the preliminary approval stage, a court determines whether a proposed settlement is within the range of possible approval and whether or not notice should be sent to class members." *True v. Am. Honda Motor Co.*, 749 F. Supp. 2d 1052, 1063 (C.D. Cal. 2010) (cleaned up). "Preliminary approval amounts to a finding that the terms of the proposed settlement warrant consideration by members of the class and a full examination at a final hearing." *Hunichen v. Atonomi LLC*, No. C19-0615-RAJ-SKV, 2021 WL 5854964, at *4 (W.D. Wash. Nov. 12, 2021), *report and recommendation adopted*, No. 19-0615-RAJ-SKV, 2022 WL 4131590 (W.D. Wash. Sept. 12, 2022).

     *1.      Settlement Process*

"Where reached after meaningful discovery, arm's length negotiation, and conducted by capable, experienced counsel, a proposed class settlement is presumptively fair." *Id.* at *5 (collecting cases). A settlement reached "with the assistance of an experienced and respected mediator" is also evidence of meaningful negotiation. *In re Google LLC Street View Elec. Comms. Litig.*, 611 F. Supp. 3d 872, 891 (N.D. Cal. 2020). Here, the parties conducted discovery and hired an expert to "navigate the large swaths of timekeeping data provided by the company and generate a model for calculating the total damages of the putative class." Dkt. 17 at 2. They began mediation with an experienced wage and hour mediator in October 2024. *Id.* The mediation was unsuccessful. *Id.* at 3. In December 2024, before depositions and discovery-related motions practice, the parties resumed mediation. *Id.* The parties reached an agreement by the end of the month and spent several additional months working toward a final agreement. *Id.* At this stage, there is no evidence of collusion or bad faith by counsel or the parties.

### 2. Adequacy of Representation

As discussed above, the evidence presented at this stage shows Jenkins has been represented by experienced class counsel who have conducted timely discovery on the core questions at issue and negotiated a settlement following private mediation with an experienced mediator. Dkt. 18 ¶¶ 7, 19–24; Dkt. 17 at 2–3. There are no current warning signs calling into question the adequacy of representation. *See In re Hyundai and Kia Fuel Economy Litig.*, 926 F.3d 539, 569 (9th Cir. 2019).

### 3. Adequacy of Relief

The parties have shown that at this preliminary stage, the proposed settlement is "within the range of possible approval" and warrants notice to the class members. *True*, 749 F. Supp. 2d at 1063. If the parties' estimate of the number of class members who will file a claim is roughly accurate, the estimated per-claim payment of $24,650 is greater than in other settlements challenging the same provisions. Dkt. 18 ¶ 12; Dkt. 17 at 14. *See, e.g.*, *Chery v. Tegria Holdings LLC*, No. C23-612-MLP, 2024 WL 3730981, at *1 (W.D. Wash. July 31, 2024) (approving settlement at $4,750 per class member); *Dunne v. Quantum Residential Inc.*, No. 3:23-CV-05535-DGE, 2024 WL 3042835, at *6 (W.D. Wash. June 18, 2024) (approving range of payments from $714.29 to $2,274.49). The proposed service award and attorney's fees that plaintiff's counsel plan to request are in line with other cases, and the attorney's fees are subject to approval of the Court after counsel submits a fee petition. Dkt. 17 at 15–17, 19.

### 4. Notice Plan

The Settlement Agreement contains a detailed notice plan. Dkt. 18-1 ¶ 11(b). The Court finds that the notice plan satisfies the requirements of Rule 23(c) and (e). Fed. R. Civ. P. 23(e)(1); Fed. R. Civ. P. 23(c)(2)(B); *see also Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566, 575 (9th Cir. 2004) ("Notice is satisfactory if it generally describes the terms of the

settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.").

## IV. CONCLUSION

For these reasons, the Court GRANTS plaintiff's unopposed motion for preliminary approval of class action settlement. Dkt. 17. The Court will separately enter the parties' proposed order on preliminary approval.

Dated this 9th day of May, 2025.

Tiffany M. Cartwright
United States District Judge