The Honorable Tiffany M. Cartwright

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL JENKINS, individually and on behalf of others similarly situated,<br><br>                      Plaintiff,<br><br>  v.<br><br>STEELSCAPE WASHINGTON LLC, a Washington limited liability company,<br><br>                      Defendant. | No. 3:24-cv-05127-TMC<br><br>PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT<br><br>NOTE ON MOTION CALENDAR: JULY 31, 2025<br>HEARING TIME: 4:00 PM |

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure (FRCP) 23(e), Plaintiff and class representative Michael Jenkins respectfully moves the Court for final approval of the class action settlement preliminarily approved by this Court on May 9, 2025, Dkt. #20, and for entry of the proposed order submitted with these papers. Defendant has reviewed this motion and does not oppose it.

## II. BACKGROUND

The factual and procedural background of the case and description of the settlement terms are set forth in Plaintiff's Unopposed Motion to Certify A Settlement Class and

PLAINTIFF'S UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION
SETTLEMENT – 1
(Case No. 3:24-cv-05127-TMC)

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

Preliminarily Approve Class-wide Settlement (Preliminary Approval Motion), Dkt. #17, and the accompanying Declaration of Andrew D. Boes, Dkt. #18, filed on April 10, 2025.

The Notice process has been highly successful. As required by the Court's Preliminary Approval Order, Dkt. #20, the Third-Party Administrator, Atticus Administration, LLC (Atticus) distributed the approved Settlement Class Notice (Notice, Dkt. #18-3) to all Class Members on June 3, 2025. Bridley Decl. ¶ 4–6. The Notice gave individuals until July 8 to submit any objections or request exclusion from the Settlement Class. *Id.* ¶ 9. Only three (3) notices were returned as undeliverable without forwarding addresses; after performing a skip trace, Atticus was able to obtain a new address for one individual, to whom the Notice was remailed. *Id.* ¶ 8. Class Counsel located the remaining two individuals for whom an address could not be found and obtained a correct address. Boes Decl. ¶ 2. Those individuals were sent a Notice on July 14, 2025. Bridley Decl. ¶ 8. In short, everyone on the original Class List was located and received a Notice packet.

It seems Defendant mistakenly omitted one member of the Settlement Class. In mid-June, another individual reached out to Atticus indicating that they believed they should be included in the class. *Id.* ¶ 7. Defendant reviewed its records, agreed that the individual should have been included in the class, and provided the requisite data for Class Counsel to calculate the individual's pro rata share of the Net Settlement Amount. Boes Decl. ¶ 3. The individual was provided a Notice via email on July 9, 2025, and a physical Notice was sent via first class mail the same day. Bridley Decl. ¶ 7.

Thus far, no putative class members have submitted requests for exclusion. *Id.* ¶ 9. Nor have any class members objected to any terms of the settlement or indicated an intent to appear at the final approval hearing to make such an objection. *Id.*; Boes Decl. ¶ 4.

PLAINTIFF'S UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION
SETTLEMENT – 2
(Case No. 3:24-cv-05127-TMC)

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

For the three individuals who received the Notice after the original mailing and fewer than 30 days before the Final Approval Hearing, the parties jointly agree to honor any request for exclusion if received within 30 days of Notice and to submit any objection to the Court if received after the Final Approval Hearing but within 30 days of Notice. Boes Decl. ¶ 4. Such process avoids delay and prejudice to the remaining members of the Settlement Class while ensuring due process for the late-Noticed individuals. In the unlikely event one or more such individuals object to the terms of Settlement, the Court may *sua sponte*, or on request of the parties, reopen the matter for further consideration.

On April 18, 2025, Defendant's attorney served CAFA Notices conforming to 28 U.S.C. § 1715(b) to be sent by certified mail to both the Attorney General of the United States and the Washington State Attorney General. Decl. of Todd Nunn Regarding Compliance with 28 U.S.C. § 1715. The Final Approval Hearing is scheduled for July 31, 2025, which is more than 90 days after the April 18 date of mailing the CAFA Notices. *Id.*

### III.   DISCUSSION

**A.   The Court Should Grant Final Approval of the Proposed Settlement.**

The standard of review for final approval of a class action settlement and factors supporting final approval in this case were addressed in the Preliminary Approval Motion. There have been no new developments since the Court's Preliminary Approval Order that call into question the fairness, reasonableness, or adequacy of the settlement.

In addition, no Class Member has lodged any objection to any element of the settlement, and none of the putative class members requested exclusion. Thus, the Court should find that the settlement is fair, reasonable, and adequate.

PLAINTIFF'S UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION
SETTLEMENT – 3
(Case No. 3:24-cv-05127-TMC)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

**B.    The Requested Attorneys' Fees and Litigation Costs Are Reasonable and Should Be Approved.**

As discussed in the Preliminary Approval Motion, Class Counsel seek an attorneys' fee award of 20% of the Gross Settlement Fund, or $1,230,000, plus actual litigation costs, to be paid out of the Gross Settlement Amount. Defendant does not object to this award. The Notice informed all Class Members that Class Counsel would seek a fee award of $1,230,000 and costs expected to be under $20,000; no individual objected to that proposed award. Since the time of preliminary approval, Class Counsel's actual litigation costs are less than $11,000. Boes Decl. ¶ 5; Ex 1. As a result of the identification of an additional putative class member on July 7, Class Counsel expects to incur a small amount of additional costs between the date of this filing and the July 31 hearing in order for the expert to calculate the individual's damages. Boes Decl. ¶ 5. Even with the additional cost, Class Counsel's total costs will be well below the $20,000 anticipated at the time the Court granted preliminary approval. *Id.* Class Counsel will remit any excess, unspent costs to the Net Settlement Amount to distribute to the Settlement Class. *Id.*

The requested fee and cost award is reasonable. As discussed in the Preliminary Approval Motion, Washington law applies the percentage-based approach to attorneys' fee awards in common fund settlements like this one. *Bowles v. Department of Retirement Systems*, 847 P.2d 440, 450-51 (Wash. 1993).[1] Both the Washington Supreme Court and the Ninth Circuit have recognized 25% as a "benchmark" figure for percentage-based common fund fee recoveries. *See Bowles*, 840 P.2d at 450; *Vizcaino*, 290 F.3d at 1047. Here, counsel requests a

---

[1] In assessing reasonableness, this Court looks to Washington law. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002) ("Because Washington law governed the claim, it also governs the award of fees.").

PLAINTIFF'S UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION
SETTLEMENT – 4
(Case No. 3:24-cv-05127-TMC)

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

fee lower than the benchmark and much lower than the contingent fee they would normally demand in complex litigation. *See* First Boes Decl. ¶ 26, Dkt. #18. Moreover, the substantial recovery for the Class weighs in favor of the requested attorneys' fee and cost award. *See In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008) ("The overall result and benefit to the class from the litigation is the most critical factor in granting a fee award."). Finally, the litigation costs of $10,693.97, consisting mostly of mediation costs and expert witness fees associated with the economic analysis, were all necessary to successful prosecution of this action and are relatively modest compared to the recovery for the class and the scope of the proceedings. Given the favorable result for Settlement Class Members in this case, the time and effort expended by Class Counsel in litigating the case, and the importance of Class Counsel's skill and experience in this arena to obtain this result, the requested award is appropriate and should be approved.

      **C.**    **The Requested Incentive Awards Are Reasonable And Should Be Approved.**

Class Counsel also asks the Court to award the named Plaintiff Michael Jenkins an additional $10,000 for his time and efforts in representing the Class and his grant of a general release to Steelscape. Such treatment of settlement class representatives is fair and reasonable and is frequently requested and approved. *See Hughes v. Microsoft Corp.*, 2001 U.S. Dist. LEXIS 5976, at *34-38 (W.D. Wash. March 26, 2001).

The requested incentive award recognizes, among other things, the benefits obtained for the Class through the efforts of Mr. Jenkins and the time he devoted to the case, as described in the Preliminary Approval Motion. Finally, as with all elements of the settlement, the proposed incentive payment was disclosed in the Notice and no Class Member has objected to

PLAINTIFF'S UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION
SETTLEMENT – 5
(Case No. 3:24-cv-05127-TMC)

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

it. For these reasons, the incentive award of $10,000 to Mr. Jenkins is reasonable and should be approved.

## IV. CONCLUSION

For the reasons stated here and in the Preliminary Approval Motion filed with this Court on April 10, 2025, Plaintiff respectfully submits that the Court should enter the accompanying proposed Final Approval Order granting approval of the settlement, awarding attorneys' fees and costs to Class Counsel, and awarding an incentive payment of $10,000 to the named Plaintiff.

DATED this 22nd day of July, 2025.

> I certify that this memorandum contains 1,419 words, in compliance with the Local Civil Rules.

SCHROETER GOLDMARK & BENDER

*s/ Andrew D. Boes*
ANDREW D. BOES, WSBA #58508
LINDSAY L. HALM, WSBA #37141
ADAM J. BERGER, WSBA #20714

Counsel for Plaintiff
SCHROETER GOLDMARK & BENDER
401 Union Street, Suite 3400
Seattle, WA 98101
Phone: (206) 622-8000
Fax: (206) 682-2305
Email: boes@sgb-law.com